THE STATE, DEFENDANT IN ERROR, v. WILLIAM TIET-JEN, PLAINTIFF IN ERROR.

Submitted March 20, 1919—Decided June 5, 1919.

1. The presumption is that an act of judicial discretion was done in 'the proper performance of judicial duty, and the burden rests upon the person excepting to such act to overcome that presumption, by showing affirmatively that there was an abuse of discretion on the part of the trial court.
2. A defendant cannot submit to be tried without objection before a jury whose impartiality is not challenged, take the chance of being acquitted, and afterwards be heard to complain of the method by which it was selected, in case the verdict goes against him.

----

On error to Hudson County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Alexander Simpson*.

For the state, *Pierre P. Garven*, prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    The plaintiff in error was convicted in the Sessions of the crime of unlawfully carrying a concealed weapon. His contention that the judgment brought up by the writ should be reversed rests upon a single ground, viz., that in drawing the jury for the trial of the cause the court excused, as they were called, certain jurors, without specifying any ground for the judicial action.

It is stipulated by counsel that the jurors thus excused had on the previous day served upon a jury in a capital case, and that the verdict in that case was one of acquittal. The plaintiff in error concedes that the excusing of a juror whose name has been drawn from the box is a matter resting in the discretion of the trial court, and does not contend that the court, in the exercise of this discretion, must express its reason for the judicial act. On the contrary, he admits that the principle controlling in matters of this kind is that laid down by this court in *State v. Lang*, 75 *N. J. L.* 1, viz., that they must necessarily be left largely to the discretion of the trial judge; that unless it be made plain that he has abused this discretion, and that the defendant may have suffered injury thereby, the propriety of the judicial action cannot be challenged upon review. He asserts, however, that the reason which moved the court to excuse these jurors was that they had joined in the rendition of a verdict of acquittal in the capital case above referred to; that such a reason affords no just ground for excusing them; and that in doing so the court abused the discretion vested in it.

This contention is without merit for two reasons—*first*, there is nothing in the case to support the presumption that the judicial action rested upon any such ground. In the absence of anything to the contrary, it is not to be assumed that the excusing of these jurors had any relation to their conduct

in the earlier case; *second,* even if it be assumed that the court was moved to excuse these jurors because of their conduct in the earlier case, it does not follow that the judicial discretion was improperly exercised. The presumption is that the act complained of was done in the proper performance of judicial duty, and the burden rests upon the defendant to overcome that presumption, by showing affirmatively that there was an abuse of discretion on the part of the trial court. *State* v. *Lang, supra.* No attempt was made to discharge that burden.

But even if we had reached a contrary conclusion on this question, it would not enure to the benefit of the defendant. He made no objection to the excusing of these jurors, and sat silent while the box was being filled up from members of the panel subsequently drawn. He went to trial before the jury which was finally selected, and took the chance of being acquitted by that jury. A defendant cannot submit to be tried without objection before a jury whose impartiality is not challenged, take the chance of being acquitted, and afterward be heard to complain of the method by which it was selected, in case the verdict goes against him.

The judgment under review will be affirmed.